MANUEL TORRES OZORES, Plaintiff and Appellant, *v.* JOSÉ LUIÑA ALVAREZ, Defendant and Appellee.

No. 8708. Argued December 24, 1943.—Decided February 14, 1944.

---

*Alvarez Linares & Marrero Ledesma* for appellant. *Damián Mon-serrat, Jr., Gabriel de la Haba,* and *Rafael Baragaño, Jr.,* for appellee.

Mr. Justice de Jesús delivered the opinion of the court.

Manuel Torres Ozores, a widower, executed a mortgage to secure a loan for $500 in favor of José Luiña Alvarez by a deed of August 17, 1923, before Notary Damián Monserrat Simó. The mortgaged property consisted of a lot situated in the ward of Puerta de Tierra, of this city, and a wooden house, roofed with zinc, measuring fifteen meters in front by eight and a half in depth. On the same property and in favor of the same creditor a second mortgage was executed for $600, by deed of November 17 of the same year. Two years later the mortgage creditor instituted a foreclosure proceeding to recover both loans and the mortgaged property was adjudicated to him.

On the lot there was situated another wooden house roofed with zinc, measuring seven and one half in front by eight meters in depth, which house was not mentioned in either of the two mortgage deeds. When the mortgaged property was adjudicated to the creditor, Manuel Torres Ozores was living, and continued to live, in the house last above mentioned, until through an unlawful detainer proceeding he was evicted from the same by the creditor. Sometime later the creditor destroyed the two wooden houses which were located on the lot and built there a new construction.

On December 1941, Torres Ozores brought this suit against his former creditor, José Luiña Alvarez, and alleged that the house measuring seven and one half meters in front by eight in depth was not affected by either of the two mortgages above mentioned and that, therefore, Luiña, by destroying them without his consent, had caused him damages in the amount of $1,500 which he alleged was the cost of the building materials used on said house. He further claims the rentals at $32 monthly from the date on which he was evicted, but neither the date of the eviction nor the date of the unlawful detainer proceeding appear from the record.

There is no showing in the record as to the civil status of Torres Ozores at the time he purchased the lot or at the time he purchased the wooden house measuring fifteen meters in front by eight and one half in depth; but the plaintiff contends in his brief that they were separate property and this must be presumed since otherwise the two deeds could not have been recorded.

With regard to the house measuring seven and one half meters in front by eight in depth, it appears from the deed of purchase, which was presented in evidence, that Torres Ozores acquired the same during his marriage to María Dolores Coto, in 1910, before Notary Pedro González García, by purchase from Petrona Buxó, Marcelina Príncipe, and Ana Príncipe.

The lower court dismissed the action for damages on the ground that, as the house was built on the mortgaged lot at the time the mortgage was executed and since it belonged to the debtor at the time that both liens were constituted, said house, although not mentioned in the mortgage deeds, was affected by said mortgages in accordance with §§ 110 and 111 of the Mortgage Law and the holding of the judgment of the Supreme Court of Spain of February 20, 1889, 65 *Jurisprudencia Civil*, 266.

■ Plaintiff contends that the house in question is not affected by the mortgage and relies exclusively on the fact that when those two deeds were executed, no mention was made of said house; but in his brief before this court, however, he argues that he acquired said house during his marriage, and that, therefore, it was community property which could not be mortgaged without the consent of his wife or his heirs, and that this circumstance shows that it could not have been his intention to include the same in the mortgage contract.

Undoubtedly, if the house was acquired by the debtor during his marriage to María Dolores Coto, it must be presumed that said property is community property and hence could not be mortgaged without the consent of the heirs of María Dolores Coto, who had died at the time of the execution of the two deeds.

■ Pursuant to § 111 of the Mortgage Law the house in question should be considered to have been mortgaged jointly with the lot and the other house belonging separately to Torres Ozores, provided that the house in controversy belonged to the same owner as the other mortgaged property. But such is not the case herein, for some of the property belonged separately to Manuel Torres Ozores and the other, the house measuring seven and one half meters in front by eight in depth, belonged to the conjugal partnership constituted by said Manuel Torres Ozores and his wife María Dolores Coto, and upon her death, her shares passed into the hands of her heirs.

■ The ground on which the judgment was based is erroneous, inasmuch as the house involved herein was not affected, at any time, by either of the two mortgages. Nevertheless, the judgment is correct, since the complaint was filed exclusively by, and in the name of, Manuel Torres Ozores, and inasmuch as the destroyed property was common property belonging to Manuel Torres Ozores and his wife's heirs,

as the action for damages for the destruction of said house is of an indivisible nature, in order to prosecute said action successfully all the parties in interest must be joined as plaintiffs, and if anyone should refuse to join as plaintiff, he may be made a defendant, the reason thereof being stated in the complaint. Section 66, Code of Civil Procedure.

For the reasons stated the judgment appealed from must be affirmed.